| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

VICTOR CADENA,

    Plaintiff,

    v.

AMANDA NEILSON, et al.,

    Defendants.

Case No. 18-cv-07408-RS (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff's amended complaint fails to state any claim for relief. Accordingly, this federal civil rights action is DISMISSED.

# DISCUSSION

**A.    Standard of Review**

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

### 1. Original Complaint

The original complaint was dismissed with leave to amend. Plaintiff had alleged in a highly conclusory fashion that "ICC [at Pelican Bay State Prison] knowingly placed my life endanger [*sic*] and ignored my claims that people will be assaulted and people where stabbed [*sic*]!"; his mental health and anxiety are at "crazy" levels; his grievances were cancelled to conceal staff misconduct; he was denied being placed on suicide watch; and appeals coordinators were obstructing his grievances. (Compl., Dkt. No. 5 at 3.)

The allegations were conclusory and therefore insufficient. For example, stating that ICC had placed his life in danger or that his grievances were being cancelled unjustly did not state a claim. No defendants were named, nor were their actions described in any way that would give rise to liability. Federal pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

The claims were also unrelated. Claims must be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). Plaintiff was directed to select <u>one</u> cause of action from his list to proceed with, e.g., mental health care, <u>or</u> failure to protect, <u>or</u> the processing of grievances, etc.

### 2. First Amended Complaint

The first amended complaint is not an improvement. The thrust of the new complaint is that his jailors ignored threats to him and to other prisoners. Other prisoners, but not plaintiff, were injured as a result.

These allegations fail to state any claim for relief. First, plaintiff cannot pursue claims on behalf of the prisoners who were allegedly injured. Rather, he can raise only

ORDER OF DISMISSAL
CASE NO. 18-cv-07408-RS
2

those claims in which he has a particularized injury, one that affects him personally and individually. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Otherwise, the Court lacks jurisdiction to entertain his suit. *Id.* Harm to other prisoners does not qualify as a particularized injury to plaintiff. Furthermore, the allegations are conclusory. No allegedly injured prisoner is named nor is there any description of how they were injured (or by whom) nor any description of the alleged threats.

Second, plaintiff has not shown or even hinted at any concrete injury to himself. He states there was a note in his file that a "federal wire tap" [*sic*] caught "a Mexican Mafia member" placing "a hit on me for murder," but defendants took no action. (Am. Compl., Dkt. No. 9 at 3.) This does not qualify as an injury. The Constitution requires a plaintiff to allege he has suffered a concrete, particularized injury which is actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff's allegations give no indication when the threat was to be carried out or even that it was credible. He therefore has not then shown there was an actual or imminent concrete particularized injury.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice. If plaintiff honestly believes he can state a claim for relief, he may file a motion to reopen. Any such motion must contain an amended complaint that states cognizable claims. Any amended complaint must conform in all respects with the Court's instructions in the prior order on filing an amended complaint. (Dkt. No. 8.) The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 20, 2019

RICHARD SEEBORG
United States District Judge

ORDER OF DISMISSAL
CASE NO. 18-cv-07408-RS